Todd M. Friedman (216752)
Darin Shaw (251037)
Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@attorneysforconsumers.com
dshaw@attorneysforconsumers.com
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SUSAN KATZAKIAN,** ) | Case No. |
| ) | |
| Plaintiff, ) | **COMPLAINT FOR VIOLATION** |
| ) | **OF FEDERAL FAIR DEBT** |
| vs. ) | **COLLECTION PRACTICES ACT** |
| ) | **AND ROSENTHAL FAIR DEBT** |
| **MAIN STREET ACQUISITION** ) | **COLLECTION PRACTICES ACT** |
| **CORP.,** ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## I. INTRODUCTION

1.  This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

## II. JURISDICTION

2.      Jurisdiction of this Court arises under 15 U.S.C. §1692k (d).

## III. PARTIES

3.      Plaintiff, Susan Katzakian ("Plaintiff"), is a natural person residing in Fresno county in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal Civ Code §1788.2(h).

4.      At all relevant times herein, Defendant, Main Street Acquisition Corp., ("Defendant") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code §1788.2(f).  Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c).

## IV. FACTUAL ALLEGATIONS

5.      At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant attempted to collect an alleged debt from Plaintiff.

6.      On or about December, 2010, Defendant placed an alleged delinquent account on Plaintiff's credit report.  Defendant has listed the account

as a collection account past due as of December, 2010.  The original creditor is stated as HSBC Bank Nevada.

7.     Plaintiff has disputed the alleged debt as a fraudulent account on more than one occasion.  Plaintiff has not received proof of the alleged debt.

8.     On February 14, 2010, Plaintiff's counsel sent a request for proof of the alleged debt to Defendant.  After Defendant failed to respond to that request, a second letter, dated March 1, 2011, was sent.  Defendant has failed to respond to either letter at this time.

9.     Defendant's conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

    a)  Falsely representing the character, amount, or legal status of Plaintiff's debt (§1692e(2)(A));

    b)  Communicating or threatening to communicate credit information which is known or which should be known to be false (§1692e(8));

    c)  Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff (§1692e(10);

    d)  Using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt (§1692f));

    e)  Collecting an amount from Plaintiff that is not expressly authorized by the agreement creating the debt (§1692f(1)); and

    f)  Collecting an amount from Plaintiff that is not permitted by law (§1692f(1)).

10.     As a result of the above violations of the FDCPA and RFDCPA Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal

humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF FAIR DEBT
## COLLECTION PRACTICES ACT

11.   Plaintiff reincorporates by reference all of the preceding paragraphs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    A.   Declaratory judgment that Defendant's conduct violated the FDCPA;

    B.   Actual damages;

    C.   Statutory damages;

    D.   Costs and reasonable attorney's fees; and,

    E.   For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF ROSENTHAL
## FAIR DEBT COLLECTION PRACTICES ACT

12.   Plaintiff reincorporates by reference all of the preceding paragraphs.

13.   To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

14.   Further, *§1788.17* of the RFDCPA mandates that every debt collector collecting or attempting to collect a consumer debt shall comply with

the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code statutory regulations contained within the FDCPA, *15 U.S.C. §1692d, and §1692d(5).*

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A.    Declaratory judgment that Defendant's conduct violated the RFDCPA;

B.    Actual damages;

C.    Statutory damages for willful and negligent violations;

D.    Costs and reasonable attorney's fees,

E.    For such other and further relief as may be just and proper.

## PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Respectfully submitted this 30th day of April, 2011.

By:    s/Todd M. Friedman
       Todd M. Friedman (216752)
       Law Offices of Todd M. Friedman, P.C.
       369 S. Doheny Dr. #415
       Beverly Hills, CA 90211
       Phone: 877-206-4741
       Fax: 866-633-0228
       tfriedman@attorneysforconsumers.com
       Attorney for Plaintiff